UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHELLY JONES; WARREN JONES

                      Plaintiffs,

            -against-

WESTSIDE BUILDING AND
RESTORATION, INC.,

                      Defendant.

25-CV-3339 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, Chief United States District Judge:

      Plaintiffs Shelly and Warren Jones, proceeding *pro se,* bring this action against their landlord, Defendant Westside Building and Restoration, Inc., regarding their eviction proceedings in Poughkeepsie City Court, in Poughkeepsie, New York. (ECF No. 1.) On May 29, 2025, the Court granted Plaintiffs' applications to proceed *in forma pauperis* ("IFP"). (ECF No. 11.) On June 3, 2025, the Court denied Plaintiffs' motion for a Temporary Restraining Order to stay their eviction. (ECF No. 13.) On October 12, 2025, the Clerk of Court reassigned this action to the undersigned. For the reasons set forth in this Order, the Court dismisses the action.

**STANDARD OF REVIEW**

      The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits—to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

Plaintiffs bring this action regarding their eviction proceedings in Poughkeepsie City Court, in Dutchess County. They seek reparations from Defendant, asserting that Defendant does not "hav[e] [an] agreement with plaintiff[s]," and that Defendant "conspired under color of law in a nisi prius de facto quasi court not of record proceeding in equity and not at law." (ECF No. 1 at 4—5.) Plaintiffs further allege that Defendant "did willfully injure, oppress, defraud and deprived plaintiff[s] their unalienable right of due process, secured by the Bill of Rights, with the intent to proceed unlawfully carrying plaintiff[s] away to jurisdictions unknown."[1] (*Id.* at 5.) Plaintiffs claim that Defendant violated their rights under the Fourth, Fifth, and Seventh Amendments. (*Id.* at 5—7.) They seek an order from the Court "commanding defendants to cease and desist from their unlawful scheme of extortion and restore the plaintiff[s] to their original state, including the returning of all assets stolen from plaintiff[s]." (*Id.* at 6.)

---

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation are as in the complaint unless noted otherwise. For readability purposes, the Court omits the multiple footnotes.

## DISCUSSION

**A.      Section 1983**

Because Plaintiffs assert constitutional claims, the Court construes the complaint as asserting those claims under 42 U.S.C. § 1983.

To state a claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Generally, private parties are not liable under the statute. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (per curiam) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Westside Building and Restoration, Inc. is a private party, and Plaintiffs have not alleged that Defendant works for any state or other governmental body. Although there are limited circumstances in which a private actor can be deemed a state actor for Section 1983 purposes, providing housing is not one of those circumstances. *See, e.g.*, *George v. Pathways to Hous., Inc.*, No. 10-CV-9505, 2012 WL 2512964, at *4 (S.D.N.Y June 29, 2012) (Ramos, J.) ("It is well established that the provision of low-cost supportive housing is not a 'public function' within the meaning of section 1983[.]"). Because Plaintiffs cannot assert constitutional claims against a private entity, they cannot state a Section 1983 claim against their landlord. Accordingly, the Court dismisses the complaint for failure to state a claim, *see* 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to Plaintiffs' challenging their eviction in the Poughkeepsie City Court.

B.     **Supplemental Jurisdiction**

A district court may decline to exercise supplemental jurisdiction of state law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Having dismissed the federal claims of which the Court has original jurisdiction, the Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiffs may be asserting. *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO AMEND IS DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123–24 (2d Cir. 2011); *Lucente v. Int'l Bus. Machines Corp.*, 310 F.3d 243, 258 (2d Cir. 2002). Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)). But because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

## CONCLUSION

Plaintiffs' complaint, filed *in forma pauperis* under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without prejudice to their challenging their eviction in the Poughkeepsie City Court.

The Court declines to exercise its supplemental jurisdiction of any state law claims Plaintiffs may be asserting.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

The Court directs the Clerk of Court to enter a civil judgment in this action.

SO ORDERED.

Dated:   October 17, 2025
         New York, New York

                                              /s/ Kimba M. Wood
                                                KIMBA M. WOOD
                                        United States District Judge